UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Harold Linares,** | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. 04-0247 (GK) |
| | : | |
| **Curtis Jones, Jr. et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

Defendants Curtis Jones, Curtis Reed and Stanley Rembish have moved pursuant to Fed. R. Civ. P. 59(e) for reconsideration of the part of the Order of April 28, 2008 rejecting their defense of qualified immunity with respect to Plaintiff's medical care claim. Motions for reconsideration are committed to the sound discretion of the trial court and need not be granted "unless the district court finds that there is an intervening change in controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations and quotations omitted). In view of Defendants' clarified argument, the Court concludes that they are entitled to qualified immunity on the medical care claim and therefore will grant Defendants' motion in order to correct a clear error of law. See Saucier v. Katz, 522 U.S. 194, 201 (2001) (instructing courts to resolve immunity questions "at the earliest possible stage in litigation") (internal citation and quotation marks omitted).

An official enjoys protection from liability "where [his] conduct is objectively reasonable in light of existing law." Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998) (citing Anderson v. Creighton, 483 U.S. 635, 639 (1987)). See Mem. Op. [Dkt. No. 75] at 4-5 (discussing qualified immunity). Plaintiff alleges that Defendants Jones, Reed and Rembish violated the Fifth

Amendment when they "deliberately disregarded [his] need for medical treatment and refused to accommodate [his] numerous requests for treatment." Compl. ¶ 36 (Count IV). Defendants' evidence establishes, however, that within minutes of Plaintiff's arrest, Jones called an ambulance to the scene, that the ambulance arrived "within six minutes," Def.'s Mot., Ex. 6 (Deposition of Curtis Jones) at 3, and that emergency medical personnel at least spoke with Plaintiff. Def.'s Ex. 5 (Deposition of Curtis Reed) at 4-5; Ex. 13 (Deposition of Aubrey Mongal) at 2. See also Def.'s Ex. 10 (photos purportedly of Plaintiff and the ambulance at the arrest scene). As non-medical personnel, Defendants acted reasonably under the circumstances by timely soliciting medical personnel to the crime scene and deferring to their judgment. In the absence of any evidence that Defendants impeded Plaintiff's access to medical personnel, the Court concludes that Defendants Jones, Reed and Rembish are entitled to qualified immunity on Count IV of the Third Amended Complaint. A separate Order accompanies this Memorandum Opinion.

June 18, 2008

/s/
GLADYS KESSLER
U.S. District Judge